IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

PORFIRIO RODRIGUEZ                                                          PLAINTIFF

V.                              CASE NO. 5:16-CV-05307

WAL-MART STORES, INC.                                                      DEFENDANT

### MEMORANDUM OPINION AND ORDER

Now pending before the Court are Defendant Wal-Mart Stores, Inc.'s ("Walmart") Motion to Dismiss (Doc. 9), made pursuant to Federal Rule of Civil Procedure 12(b)(6), and Brief in Support (Doc. 10); Plaintiff Porfirio Rodriguez's Response in Opposition to the Motion (Doc. 13) and Supplement to the Response (Doc. 14); and Walmart's Reply (Doc. 16).

When the Court was initially reviewing the Motion and Response, it became evident that Mr. Rodriguez had referenced and attached a number of documents that were outside the pleadings and could not be considered unless the Court converted the Motion to Dismiss to one for summary judgment, as per the directives of Rule 12(d). The Court issued an Order (Doc. 18), notifying the parties that it intended to convert the Motion to one for summary judgment, and giving them until February 28, 2017, to either supplement the record with any further briefing or evidence they desired, or else inform the Court that they needed more time to provide a complete record.

On March 1, 2017, the Court held a hearing on the Motion. Not having received any further evidence or briefing, the Court asked counsel directly whether they agreed that the Motion should be treated as one for summary judgment, and whether they also agreed that

1

the summary judgment record was complete. Counsel voiced their agreement, and the Court then entertained oral argument on the Motion. After oral argument concluded, the Court granted the Motion from the bench and has prepared the following written opinion to memorialize its reasoning. To the extent anything in this Order conflicts with pronouncements made from the bench, the Order will control.

## I. BACKGROUND

This lawsuit was filed on October 27, 2016, by Mr. Rodriguez, a former employee of Walmart. He alleged that Walmart violated the Americans with Disabilities Act ("ADA") by discriminating and retaliating against him due to his disability, as well as by refusing to provide him with reasonable accommodations for his disability. (Doc. 1, p. 6). The parties agree that Mr. Rodriguez was terminated on November 12, 2013, and that his attorney filed an untimely charge of disability discrimination on his behalf with the Equal Employment Opportunity Commission ("EEOC"). The EEOC's rules require that a charge be submitted within 180 days of the date of the alleged discriminatory or retaliatory act—which in this case was the date of Mr. Rodriguez's termination. Accordingly, the EEOC charge was due to be filed no later than May 12, 2014, but Mr. Rodriguez did not file his charge until June 30, 2014.

Because Mr. Rodriguez's counsel admits that he missed the deadline to file the EEOC charge, his only argument in opposition to summary judgment is that the doctrine of equitable estoppel should apply to toll the deadline. In particular, he argues that "Plaintiff's delay in filing his charge was the result of Defendant's counsel's own conduct during pre-EEOC settlement negotiations, which lured Plaintiff's counsel into the possibility of a resolution without having to file Plaintiff's EEOC charge." (Doc. 13, p. 9).

2

During the Court's hearing on the Motion, the parties stipulated that the only evidence of their settlement negotiations was found in the letters and emails attached to Mr. Rodriguez's Supplement (Doc. 14). In reviewing those letters and emails, the Court has constructed a timeline of events. First, there appears in the file a letter dated March 26, 2014, written by a Walmart Project Manager and addressed to Mr. Rodriguez's counsel, Terrence Robinson. *See* Doc. 14-4. The letter advised Mr. Robinson that Walmart was in the process of "reviewing the allegations set forth . . . so that we may formally respond," and then recommended that he get in contact with Walmart's in-house attorney, Cynthia Scott, to discuss the matter further. *Id.* The next letter in the file is dated April 9, 2014. *See* Doc. 14-5. The letter, which was written by Ms. Scott, informed Mr. Robinson that Walmart disputed his client's claim of disability discrimination or other wrongdoing, but was willing "to confer with [Mr. Robinson] to determine whether we can resolve this dispute amicably." *Id.*

The next letter in the file indicates that Mr. Robinson and Ms. Scott spoke by telephone on or about April 18, 2014, and at that time, Mr. Robinson told Ms. Scott that he would shortly send her a formal settlement demand. *See* Doc. 14-6, p. 1. That settlement demand was made in the form of a letter addressed to Ms. Scott, dated May 2, 2014—ten days prior to the EEOC filing deadline. *Id.* In the demand, Mr. Robinson warned Ms. Scott as follows:

> Should this matter not settle at this early stage, Mr. Rodriguez intends to file his charge of discrimination with the Equal Employment Opportunity Commission and thereafter file suit in U.S. District court to recover all damages available to him, including, back and future wages, compensatory damages, punitive damages, and attorney's fees. However, prior to engaging in costly and time-consuming litigation, Mr. Rodriguez is open to discussing

resolution.

*Id.* at 2.

It is clear that in the next several days leading up to the EEOC filing deadline, Walmart did not respond in any way to Mr. Robinson's written settlement demand. Eleven days *after* the EEOC filing deadline had passed, Mr. Robinson's assistant placed a telephone call to Ms. Scott, asking for a response to the demand letter. Seven days after that, still not having received a response from Walmart, Mr. Robinson sent a letter to Ms. Scott that stated in relevant part:

> As of today's date we have not heard from you. Please let me know if you intend to continue with settlement discussions. Prior to engaging in costly and time-consuming litigation, Mr. Rodriguez is still open to discussing a resolution, however, we cannot continue to wait on a response from Walmart for much longer.
>
> Therefore, if we do not hear from you by **Wednesday, June 4, 2014**, we will assume that Walmart is not interested in settling the matter at this time and we will move forward with filing Mr. Rodriguez' charge of discrimination with the Equal Employment Opportunity Commission and thereafter filing suit in U.S. District court to recover all damages available to him, including, back and future wages, compensatory damages, punitive damages, and attorney's fees.

(Doc. 14-7) (emphasis in original).

Ms. Scott wrote a response letter to Mr. Robinson on June 4, 2014.[1] (Doc. 14-8). Her response was a clear rejection of the settlement demand, and included a counteroffer, again made in an effort "to resolve this dispute." *Id.* Mr. Robinson sent back a reply letter, dated July 2, 2014, rejecting Walmart's settlement offer and making a counteroffer. (Doc.

---

[1] Although the letter is dated May 4, 2014, counsel for Mr. Rodriguez represented in his briefing that this date was a typo, and that the letter was actually received by his law office on June 4, 2014. Furthermore, during the Court's motion hearing, Walmart's counsel did not disagree that the letter was sent on June 4, rather than May 4.

4

14-9, p. 2). In the July 2 letter, Mr. Robinson noted that he had "already filed the Charge of Discrimination with the Equal Employment Opportunity Commission" but was "prepared to seek the withdrawal of that charge should this matter be resolved." *Id.* According to Mr. Robinson, Walmart officially terminated all settlement discussions on July 16, 2014, when Ms. Scott discovered that Mr. Robinson had failed to file his client's EEOC charge on time. *See* Doc. 13, p. 11.

Walmart maintains that the EEOC filing deadline should not be tolled in this case because it never agreed to the tolling, never promised Mr. Robinson that Walmart would settle the case, neither encouraged nor discouraged Mr. Robinson from filing the EEOC claim on Mr. Rodriguez's behalf, and never suggested to Mr. Robinson that settlement was inevitable.

## II. LEGAL STANDARD

The standard of review on summary judgment is well established. Under Federal Rule of Civil Procedure 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The Court must review the facts in the light most favorable to the opposing party and give that party the benefit of any inferences that logically can be drawn from those facts. *Canada v. Union Elec. Co.*, 135 F.3d 1211, 1212–13 (8th Cir. 1997). The moving party bears the burden of proving the absence of a genuine dispute of material fact and that it is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986); *Nat'l. Bank of Commerce of El Dorado, Ark. v. Dow Chem. Co.*, 165 F.3d 602 (8th Cir.

1999). Once the moving party has met its burden, the non-moving party must "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(c)).

In order for there to be a genuine issue of material fact, the non-moving party must produce evidence "such that a reasonable jury could return a verdict for the nonmoving party." *Allison v. Flexway Trucking, Inc.*, 28 F.3d 64, 66 (8th Cir. 1994) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "The nonmoving party must do more than rely on allegations or denials in the pleadings, and the court should grant summary judgment if any essential element of the prima facie case is not supported by specific facts sufficient to raise a genuine issue for trial." *Register v. Honeywell Fed. Mfg. & Techs., LLC*, 397 F.3d 1130, 1136 (8th Cir. 2005) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)).

## III. DISCUSSION

As a prerequisite to filing a claim under the ADA, an aggrieved employee must first file a charge of discrimination with the EEOC within 180 days of the alleged discriminatory or retaliatory conduct. *See* 42 U.S.C. § 12117(a) (establishing the 180-day limitation period for ADA claims by adopting the procedural requirements of Title VII); 42 U.S.C. § 2000e-5(e)(1) (establishing a 180-day limitation period for filing an EEOC charge for acts of discrimination predicated on Title VII). "The administrative deadline [to file an EEOC charge] is not a jurisdictional limitation, however, but operates in the nature of a statute of limitations and is subject to equitable tolling and estoppel." *Anderson v. Unisys Corp.*, 47 F.3d 302, 305-06 (8th Cir. 1995).

6

In the case at bar, the only issue for the Court to decide on summary judgment is whether the doctrine of equitable estoppel applies to excuse the late filing of Mr. Rodriguez's EEOC charge. See *Dring v. McDonnell Douglas Corp.*, 58 F.3d 1323, 1329 (8th Cir. 1995) (finding equitable estoppel "where the employee's failure to file the EEOC charge is a result of either deliberate design by the employer or of actions that the employer should unmistakably have understood would cause the employee to delay filing the EEOC charge"). Mr. Rodriguez's counsel's argument is that he was aware of the deadline, but failed to file his client's paperwork because his pre-deadline communications with Walmart's counsel lulled or lured him into thinking the case would certainly settle, and that there would be no need to file a formal charge.

None of the letters in the record create a genuine, material question of fact as to the issue of equitable estoppel. The letters manifest only a general, good faith intent by Walmart to engage in settlement negotiations. Mr. Rodriguez's counsel sent a demand letter ten days before the EEOC filing deadline and did not receive a response until after the deadline had passed. Under these facts, Walmart's silence cannot be construed as anything but silence. Walmart made no promise to settle, nor did it encourage that settlement was imminent through its silence.

The Court inquired directly of Mr. Rodriguez's counsel during the hearing[2] if he could "pinpoint either the time, the occasion, or the words that Walmart used that creates the inequity that [he] is premising this [estoppel] defense on?" And counsel for Mr. Rodriguez responded that he could point to "really nothing that they said *per se*," but only their "delay

---

[2] Counsel present during the hearing was not Mr. Robinson, but his associate, Mr. Galvan.

in responding to any settlement demand that we made."

As no equitable estoppel was created with respect to Walmart's pre-deadline settlement negotiations, the case must be dismissed due to Mr. Rodriguez's failure to timely file his claim with the EEOC and exhaust his administrative remedies.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss (Doc. 9), which was converted to a Motion for Summary Judgment by the Court, is **GRANTED**, and the case is **DISMISSED WITH PREJUDICE** for the reasons set forth. Judgment will enter concurrently.

**IT IS SO ORDERED** on this 16th day of March, 2017.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE